UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT AT BRIDGEPORT

| | |
|---|---|
| IN RE: | : CHAPTER 11 |
| GENESIS HOLDINGS, LLC | |
| Debtor | : CASE NO. 10-51682 |
| | |
| BELLMORE PARTNERS, INC. | |
| Movant | |
| | |
| v. | |
| | |
| GENESIS HOLDINGS, LLC | : JANUARY 30, 2014 |
| Respondent | |

## BELLMORE PARTNERS, INC.'S MOTION TO CONVERT TO CHAPTER SEVEN AND/OR APPLICATION TO SELL PROPERTY

BELLMORE PARTNERS, INC. ("Bellmore"), by and through its counsel, and hereby moves this Court to enter an order granting Bellmore relief from the automatic stay, or, in the alternative, requiring GENESIS HOLDINGS, LLC (the "Debtor") to convert its case to a Chapter 7 case or an order liquidating Debtor's remaining and only property to its creditors.   In support thereof, counsel for Bellmore states as follows:

1.      On or about July 19, 2010 ("Petition Date"), the Debtor filed a petition pursuant to the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor is a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code.  This is a core proceeding pursuant to Section 157(b) of Title 28 of the United States Code.

4.      By promissory note dated November 4, 2005 ("Note"), Debtor promised to pay to the order of Astoria Federal Mortgage Corp. ("Astoria") the principal sum of Three Hundred Sixty Thousand ($360,000.00) Dollars payable with interest thereon as provided in the Note.

5.      Pursuant to the Note, the Debtor is obligated to make monthly payments in the amount of $2,517.17.

6.      By deed of that date, Debtor to secure the Note, mortgaged to Astoria, by way of a mortgage (the "Mortgage"), certain pieces or parcels of land, then owned by Mortgagor situated in the City of Derby and known and designed as 49 Anson Street, Derby,

1

Connecticut (the "Collateral"). Which deed is conditioned for the payment of the note according to its tenor, and performance of certain covenants and conditions contained in the Mortgage; which deed was recorded in Volume 466 at Page 185 of the Land Records for the city in which said parcel is located.

7.   The Note and Mortgage were assigned to Bellmore by virtue of an assignment dated September 29, 2010 ("Assignment").

8.   Bellmore holds a valid, perfected, first priority lien and security interest in the Collateral.

9.   The debt owed to Bellmore on the Note and secured by the Collateral is $417,270.00, exclusive of attorney's fees and costs.

10.  As of July 17, 2009 through the present, the Debtor had not made the monthly payments due under the Note and is in default.

11.  Debtor also lists a mechanic's lien in the amount of $290,760.00 that purportedly arose prior to Bellmore's lien.  This lien was not disclosed by Debtor in connection with its title affidavit at the time of the loan. There are also genuine issues as to the legitimacy of this lien given that the Debtor shares several principals with the entity, Professional Services Group, that purportedly holds the mechanic's lien.

12.  There is a motion before the Connecticut Superior Court, judicial dictrict of Milford, that will determine the prority of the liens.  That motion has been heard by Judge Moran.  A decision on that motion is pending and likely will be rendered soon by Judge Moran.

13.  Regardless of the priority of the mechanic's lien, there is no equity in the Collateral for any unsecured Creditor of the Estate.

14.  The Debtor continues to use the Collateral in the ordinary course of the Debtor's business.

15.  The Debtor is receiving  and using rental income from the Collateral each month but has not offered or provided adequate protection to Bellmore. The Debtor has not made any payments to Astoria or Bellmore since July 17, 2009.

16.  The only asset of this bankruptcy estate is the Collateral and the rental income generated from the Collateral.  It appears that the Collateral is over encumbered.

17.  To date, no Plan of Reorganization has been filed.

18.  The Debtor has not paid all real estate taxes on the Collateral.

19.  Bellmore Partners has received minimal or no payments on the Collateral for the Note during the bankruptcy.

2

## ARGUMENT

Section 1112(b) governs conversion of a Chapter 11 case to a Chapter 7 case
and states:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party
in interest, and after notice and a hearing, the court shall convert a case
under this chapter to case under chapter 7 or dismiss a case under this
chapter, whichever is in the best interests of creditors and the estate, for
cause unless the court determines that the appointment under section
1104(a) of a trustee or an examiner is in the best interests of creditors and the
estate.

(2) The court may not convert a case under chapter 7 or dismiss a case under
the charter if the court finds and specifically identifies unusual circumstances
establishing that converting or dismissing the case is not in the best interests
of creditors and the estate, and  the debtor or any other party in interest
establishes that –

(A) There is a reasonable likelihood that a plan will be confirmed within the
timeframes established in section 1121(e) and 1129(e) of this title….;
and

(B) The grounds for converting or dismissing the case include the act or
omission of the debtor other than under paragraph (4)(A)

(i)     For which there exists a reasonable justification for the act or
omission; and

(ii)    That will be cured within a reasonable period of time fixed by
the court.

11 U.S.C. §1112(b) (2005).

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure impose
fiduciary duties on Chapter 11debtor, <u>Commodity Futures Trading Comm'n v.</u>

3

Weintraub, 471 U.S. 343, 355 (1985); see also In re Adelphia Communication, 544 F.3d 420, 424 (2d Cir. 2008)(the debtor in possession is the bankruptcy estate's fiduciary). One of the debtor's duties is the provide open, honest and straightforward disclosure of its financial affairs to the Bankruptcy Court and creditors, In re marvel Entertainment, Inc. 140 F. 3d 463, 474 (3d Cir 1998); see also In re Sal Caruso Cheese, Inc. 107 B.R. 808, 817-818 (debtors have a duty of honest and open disclosure of financial information). Debtors are obligated to pursue open and expeditious reorganization of their affairs, In re Milford Connecticut Associates, L.P., 389 B.R. 303 (Bankr. D. Conn. 2008, Dabrowski, J.), aff'd, 404 B.R. 699 (D. Conn. 2009).  The Debtor has been in Chapter 11 for over three years and has not yet confirmed a plan.  The Debtor's disclosures make clear that it is receiving income from the property but none of that it going to the secured creditors.

If the matter is not converted to Chapter 7, the Bellmore moves that the matter be set down for a hearing for the court to consider Bellmore's application to order a sale of Debtor's only asset and the proceeds disbursed to the creditors pursuant to 11 U.S.C. §363(b)(1) and In re Lionel Corp., 722 F.2d 1063 (2d Cir 1983).    In re Lionel Corp. allows for the sale of property out of the ordinary course of business before a bankruptcy judge may order such a disposition under 363(b) other that appeasement of the creditors. Concerning the factors the bankruptcy court should consider in ordering a sale In re Lionel Corp. states the bankruptcy court must:

> "not blindly follow the hue and cry of the most vocal special interest groups; rather, he should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition  vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value.  This list in not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

4

Bellmore's application is not a "hue and cry merely for its interest", rather, it is a request made after considering the salient factors that can support the only conclusion that the Debtor does not wish to move forward with the plan and it is in the best interest of all involved to simply sell the only asset of the estate. In reviewing the above factors, the subject property is the only asset of the estate.  Selling the property will not disturb a complicated estate but would simply provide the secured creditors with what they are entitled to.  A significant amount of time, over three years, has elapsed since the Debtor has filed the petition.  During this time the Debtor has been allowed to accumulate monthly income for the property while the creditors have received nothing, patiently waiting for a plan to be confirmed. Selling the property and essentially liquidating the estate does not interfere with any future plans of the estate as the estate has languished and has not moved forward.  Finally, the value of the asset has largely remained the same but the creditor's security interest has been impacted. The proceeds of the sale can be placed in escrow pending final determination of the priority og the liens.

For the above reasons, if the court does not convert the matter to Chapter 7, Bellmore moves that the court not dismiss the matter but instead order the property sold to satisfied the creditors.

Wherefore, Bellmore requests that this Court enter as order as follows:

1.) Converting the Debtor's case to a case under Chapter 7; or

2.) Ordering the sale of the property at 49 Anson Street, Derby, Connecticut with the funds placed in escrow pending the Superior Court's determination of the prioroity of the two liens on the Collateral; and

3.) Grant such other relief as this Court deems appropriate under the circumstances.

Dated: January 30, 2014

Respectfully submitted,

Michael S. Casey
The Jackson Law Group, LLC
472 Wheelers Farms Road, 3rd Floor
Milford, CT 06461
 Telephone: (203) 647-3300
 Facsimile:  (203) 647-3333
msc@thejacksonlawgroup.com

Attorney for Bellmore Partners, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT AT BRIDGEPORT

IN RE:                                    : CHAPTER 11
GENESIS HOLDINGS, LLC
                    Debtor                : CASE NO. 10-51682

BELLMORE PARTNERS, INC.
                    Movant

v.

GENESIS HOLDINGS, LLC                     :  JANUARY 30, 2014
                    Respondent

**PROPOSED ORDER CONVERTING THE CASE TO CHAPTER 7 OR
ORDERING THE SALE OF PROEPRTY AT 49 ANSON STREET, DERBY, CT**

        Bellmore Partners, Inc. having moved for an order compelling Genesis

Limited Partnership ("Debtor") to convert the case to Chapter 7 or to sell the property for

failure to propose and confirm a plan in a reasonable time, the Court, after proper notice

and a hearing, having considered same and found cause to grant the motion, it is

hereby:

        **ORDERED** The Court enters an order converting the plan to Charter 7 or the

Court ordered that the property be immediately sold and the proceeds paid to the

creditors.

        Dated at Bridgeport, CT this _____ day of _____, 2014.


                                        By the Court,


                                        _____
                                        Judge:
                                        United States Bankruptcy Court

7